UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM P. PLANES,

    Plaintiff,

v.                                               CASE NO. 8:05-CV-1242-T-MAP

UNITED STATES OF AMERICA,

    Defendant.

_____/

**ORDER**

This is an action by a taxpayer seeking judicial review of a settlement officer's determination after a collections due process hearing. *See* 26 U.S.C. § 6330(d)(1). In sum, the settlement officer concluded the IRS had, given the taxpayer's failure to pay responsible tax, properly defaulted an offer in compromise (OIC) and appropriately reinstated the taxpayer's tax liabilities. Both sides now move for summary judgement (docs. 19 and 22), and the narrow issue is whether the settlement officer abused his discretion. After considering the summary judgment record, I find he did not and grant the government's motion for summary judgment.[1]

    *A. Summary Judgment Standard*

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary

---

[1] The parties consented to my jurisdiction. *See* 28 U.S.C. § 636.

judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

   *B. Background*

Every employer is required to deduct and withhold income tax and Federal Insurance Contributions Act (FICA) tax from employees' wages as and when they are paid (*see*, I.R.C. §§ 3102 (FICA) and 3402 (income tax)), and to hold the amounts withheld in trust for the United States (*see* I.R.C. § 7501). These taxes are commonly referred to as trust fund taxes. *Slodov v. United States*, 436 U.S. 238 (1978). Because the employer is liable for payment of the taxes withheld, the employee is credited with the payment when it is withheld, whether the government actually receives the payment or not. *Id.* If the employer is a corporation and fails to make payments, the United States could lose revenue. In order to protect against such losses, the persons responsible for ensuring that the trust fund taxes are paid who willfully fail to do so may be held personally liable. I.R.S. § 6672. The IRS is authorized to assess and collect a trust fund recovery penalty (TFRP) from any officer or employee of any corporation who is responsible for collecting, accounting, paying any tax imposed by the Internal Revenue Code and who willfully fails to do so. I.RC. §§ 6671(b) and 6672. The amount of the penalty for which the person can be held personally liable is equal to the total amount of the tax not accounted for and paid over. I.R.C. § 6672(a).

The IRS determined that Keen's Corner had failed to pay payroll taxes for the first and second quarters of 2002 in the amounts of $257,617.99 and $271,726.82. Given the Plaintiff's position as CEO, the IRS proposed to assess against him a penalty (TFRP) as the responsible person.

Plaintiff's failure to pay taxes exposed him not only to liability for those unpaid quarters, it resurrected harsh consequences forgiven by the IRS a couple of years before when the IRS tagged him as the responsible person for other businesses. In 1999, the Plaintiff admitted responsibility for failing to pay trust fund taxes in the amount of $100,000 for the 1990 tax year, $825,488 for the 1993 tax year, and $114,303 for the 1994 tax year. In lieu of paying penalties and other outstanding tax liabilities totaling $750,000 for the tax years spanning from 1988 to 1996, the IRS and Plaintiff entered into a compromise (OIC) whereby Plaintiff agreed to pay a lump sum of $5,000 in lieu of paying the overdue taxes and penalties. The OIC required Plaintiff to pay all taxes for a period of five years. *See* OIC, ¶8(d). Plaintiff's recent omission breached the OIC and triggered his former liabilities.

On December 16, 2002, the IRS mailed a notice of the proposed responsible person assessment (Letter 1153) to Plaintiff about Keen's Corner unpaid employment taxes and indicated it would assess a penalty against him as a person required to collect such tax liabilities on Keen's Corner's behalf (doc. 1-3). *See* 26 U.S.C. §6672. The IRS also warned: "If we do not hear from you within 60 days from the date of this letter ... we will assess the penalty and begin collection action." *See* doc. 20, ex. B, pp. ADM 437-441. Both sides agree now the IRS mailed this notice to an incorrect address, one from Plaintiff's most recently filed tax return that included an apartment number (when Plaintiff in fact lived in a house) and an outdated zip code. Plaintiff apparently never received it.

Almost a year later, on November 25, 2003, the IRS sent a letter to Plaintiff indicating his failure to pay the responsible persons tax liabilities amounted to a breach of the OIC. *See* doc. 20, ex. K, pp. ADM 791-792. Like the earlier notice, the IRS sent this one to the same incorrect

address. Again, Plaintiff never received it. Although the IRS sent a copy of the letter to his attorney, the attorney did not advise the Plaintiff of the letter or the default.[2] *See* doc. 20, ex. K, p. ADM 790. Thereafter, on May 12, 2004, the IRS sent Plaintiff a notice of tax lien. *See* doc. 20, ex. A, pp. ADM 445-446. Since Plaintiff had filed a new 1040 return by then, the IRS used that return's address. Upon receiving the notice, Plaintiff, through counsel, requested a collection due process hearing. Before the hearings, on September 7, 2004, Keen's Corner satisfied the outstanding amounts subject to the responsible person assessment. After the hearings, the settlement officer issued a Notice of Determination finding Plaintiff a responsible and willful person for Keen's Corner's TFRP assessments, and hence, in breach of the OIC.

Plaintiff now claims this Court should find the collection action posed by the IRS and upheld in the notice of determination was improper for three reasons: (1) the TFRP was not sent to the Plaintiff's last known address as required by 26 U.S.C. §§ 6672 and 6212; (2) the settlement officer (Feist) abused his discretion in determining the collection action was proper based on the facts and circumstances of the case; and (3) the settlement officer denied the reinstatement of the OIC based on improper *ex parte* communications. At oral argument on the summary judgment motions, however, the Plaintiff characterized the first two issues differently, namely: the IRS's failure to properly notice him about the proposed TFRP deprived him the opportunity to cure the tax deficiency; accordingly, any collection effort pertaining to the taxes absolved by the OIC is invalid. Regardless of the Plaintiff's wording, the government mailed the December 16, 2002,

---

[2] Plaintiff's power of attorney responded to the IRS indicating Plaintiff had tendered checks (in the amount of $154,595.18 and $70,404.82) to satisfy the Keen's Corner penalty and requested information regarding additional amounts owed (doc. 20, ex D, p. 9; Ex. I). However, Plaintiff's checks bounced. He eventually satisfied these outstanding amounts on September 7, 2004, shortly before his administrative hearing.

notice per its regulatory scheme – the Plaintiff's last known address as stated in his most recent return.  Besides, Plaintiff conceded liability as the responsible person for Keen Corner 2002 tax deficiencies, and it was his failure to pay taxes when due that triggered the OIC's default.

*C.  Standard of Review*

As the government correctly notes, the standard of review in these types of actions is dependent on the issues presented.  If the merits of underlying tax are at issue, *de novo* review applies; otherwise, the abuse of discretion standard governs.  *Jones v. Commissioner,* 338 F.3d 463 (5th Cir. 2003).  Although Plaintiff argues for *de novo* review, the Plaintiff is really challenging the collection effort, namely: whether the IRS properly defaulted the OIC and reinstated the Plaintiff's tax liabilities.  Indeed, as the government points out, the Plaintiff never administratively challenged the validity of the taxes that were compromised in the defaulted OIC.   Hence , the abuse of discretion standard applies.  Under that standard, a reviewing court should "not interfere unless the Commissioner's determination is arbitrary, capricious, clearly unlawful, or without sound basis in fact or law."  *Robinette v. Commissioner*, 123 T.C. 85, 93 (2004) quoting *Ewing v. Commissioner*, 122 T.C. 32, 39 (2004).[3]

In reviewing notices of determination from the IRS Appeals Office under § 6330(d)(1), I.R.C. for abuse of discretion, courts generally consider only arguments, issues and other matters raised at the collection due process hearing or otherwise brought to the Appeals Office's attention. *Magana v. Commissioner*, 118 T.C. 488 (2002); §301.6330-1(f)(2) Q&A-F5, Proced. & Admin.

---

[3] Plaintiff argues the *de novo* standard applies since the notice of proposed assessment of TFRP was mailed to an incorrect address.  I find Plaintiff's contention is not akin to one concerning the validity of the underlying tax liability.  Thus, the abuse of discretion standard of review is appropriate here.  *See MRCA Information Services v. U.S.*, 145 F.Supp 2d 194 (D. Conn. 2000).

Regs. (taxpayer appealing Commissioner's decision may ask court to consider only issues raised at administrative hearing). Hence, my review is limited to the issue Plaintiff raised in his request for a collection due process hearing and at the two hearings.[4]

*1. Settlement officer did not abuse his discretion in finding TFRP assessment valid*

Plaintiff raised only one argument in his request for a collection due process hearing and at the two hearings: that the TFRP assessment was invalid and the OIC thus not defaulted since the IRS failed to give proper notice of the TFRP assessment as required by 42 U.S.C. § 6212(b). At the hearings, the settlement officer accepted Plaintiff's statement that he did not receive a copy of the notice of proposed TFRP assessment because there was no certified return receipt on file showing Plaintiff received it. Thus, the IRS afforded Plaintiff an opportunity to challenge the assessment, restoring him to the status he would have occupied had he properly received the notice of assessment.

Plaintiff argues, however, that because the notice of assessment was improperly sent, the IRS should have allowed him the opportunity to pay the tax penalty before finding him in breach of the OIC. In the Notice of Determination, the settlement officer concluded that even if Plaintiff had timely protested the TFRP assessment when the notice of proposed assessment was mailed on December 16, 2002, default of the OIC would still have occurred if the IRS ultimately found Plaintiff to be willful and responsible under the TFRP's guidelines (doc. 20, ex D, p. 10). *See Thomas v. United States*, 41 F.3d 1109, 1113 (7th Cir. 1994) (holding that once the government

---

[4] Frankly, it is questionable whether the Plaintiff raised the issue he currently presents to this Court – failing to provide a cure opportunity renders the OIC default invalid – to the settlement officer. This omission would be grounds to disregard the issue; nevertheless, given the informal nature of the administrative hearing and the liberal pleading allowances per Fed. R. Civ. 8, the Plaintiff's question as presently stated will be considered.

assesses a TFRP penalty the individual against whom the penalty is assessed bears the burden of proving either that he was not a responsible person or that the failure to remit the withheld taxes was not willful). Upon advice of IRS Counsel, the settlement officer found that "the OIC technically defaulted when the first Form 941 was due (and not fully paid) on April 30, 2002."[5] *See* doc. 20, ex. D, pp. 7-8. Moreover, the settlement officer concluded that had the Plaintiff timely protested the TFRP assessment, it would not have prevented the OIC's default if Plaintiff's actions were willful and responsible.[6] *See* doc. 20, ex D, p. 10. Irrespective, the OIC specifically required Plaintiff to comply with all provisions of the IRC relating to filing returns and paying required taxes for five years or until the offered amount (plus accrued interest) is paid in full, whichever is longer. Hence, when Keen's Corner failed to pay its quarterly taxes on April 30, 2002, the IRS properly assessed the TFRP against Plaintiff, and found him in breach of the OIC.[7]

Plaintiff also argues the settlement officer abused his discretion in finding that the notice was properly sent to his "last known address." The officer found that the IRS properly mailed the notice

---

[5] Form 941 is the Employer's Quarterly Federal Tax Return. Employers must file Form 941 within one month from the end of the prior quarter, and penalties are assessed for late filings. *Farkas v. U.S.*, 57 Fed.Cl. 134 (Fed. Cl. 2003).

[6] Once the government assesses a TFRP penalty the individual against who the penalty is assessed bears the burden of proving either that he was not a responsible person or that the failure to remit the withheld taxes was not willful. *See Thomas v. United States*, 41 F.3d 1109, 1113 (7th Cir. 1994).

[7] Plaintiff argues that he did not receive any default warning or notice with respect the his OIC, and insinuates that such a letter was sent to him on December 16, 2002. *See* doc. 22, p.7. However, the OIC does not require Plaintiff to be notified before being held responsible for breach of its terms. (doc. 20, ex. E, item 8(d)). In fact the IRS OIC Form 656 states that "[i]n the future, not filing returns or not paying taxes when due could result in the default of an accepted offer. ... If you default your agreement, we will reinstate the unpaid amount of the original tax liability, file a Notice of Federal Tax Lien on any tax liabilities without liens, and resume active collection." (doc. 20, ex. F, p. 6).

of the proposed responsible person assessment (Letter 1153) to Plaintiff's "last known address" pursuant to IRC § 6672(b)(1) and Tres. Reg. § 301.6212-2(a) that require notice be sent to the taxpayer's most recently filed Federal tax return unless the IRS is given clear and concise notification of a different address. The hearing officer stated that the address Plaintiff provided at the TFRP interview on Form 4180 did not meet the definition of "clear and concise notification" as set forth in Rev. Proc. 2001-18. I find the hearing officer's determination based his decision on all relevant facts presented; it was not arbitrary, capricious, or clearly unlawful. Accordingly, I find no abuse of discretion.[8]

*2. Settlement officer properly found Plaintiff liable as a responsible person*

Faced with a lack of evidence establishing the TFRP was wrongfully imposed on Plaintiff, the settlement officer determined Plaintiff was in fact a responsible person "so connected with [Keen's Corner] as to have responsibility and authority to avoid the default which constitutes a violation of [§ 6672]." I find the settlement officer's decision reasonable and supported by the administrative record. The cancelled checks and bank records Plaintiff produced at the hearing, and Plaintiff's admissions that he was responsible for paying bills, making decisions regarding investments, hiring/ firing employees, managing employees, directing payment of bills, dealing with major suppliers and customers, signing corporate checks, guaranteeing corporate loans, making/ authorizing bank deposits, authorizing payroll, preparing federal payroll tax returns, authorizing

---

[8] Plaintiff cites to *Eschweiler v. U.S.*, 946 F.2d 45 (7th Cir. 1991) and *McPartlin v. Comm'r. of IRS*, 653 F.2d 1185 (7th Cir. 1981) for the proposition that the IRS did not use reasonable diligence in ascertaining Plaintiff's "last known address." I find these cases factually distinguishable, and that the settlement officer did not abuse his discretion in finding the IRS complied with its statutory obligation to send notice and properly relied on the address Plaintiff listed on his most recently filed tax return.

payment of federal tax deposits, and determining financial policy support the settlement officer's findings.

Because Plaintiff failed to meet his burden of proving either he was not a responsible person or that the failure to remit the withheld taxes was not willful, the settlement officer properly found Plaintiff liable for TFRP on behalf of Keen's Corner. And, because the IRS afforded Plaintiff an opportunity to challenge the assessment, thus restoring him to the status he would have occupied had he properly received the notice of assessment, the settlement officer did not abuse his discretion in reaching his determination.[9]

### 3. *Ex parte communications not improper*

Plaintiff contends the Settlement Officer erred by denying reinstatement of the OIC based on *ex parte* communications he had with counsel for the IRS concerning his authority to reinstate the OIC. In support, Plaintiff posits that settlement officers should not communicate with internal revenue agents and officers if the communications would, or would appear to, compromise the independent judgment of the Appeals Office. *See Moore v. Commissioner of Internal Revenue*, T.C. Memo 2006-171 (Aug. 17, 2006) citing Rev. Proc. 2000-43. However, an exception to the prohibited *ex parte* communications rule applies for communications that relate only to administrative, ministerial, or minor procedural matters. *Id.* citing Rev. Proc. 2000-43, sec. 3, Q & A-5. In this action, the settlement officer communicated with IRS counsel about the scope of his authority to reinstate the OIC, not about the substantive issues before him. Accordingly, I find his

---

[9] Plaintiff argues that the IRS settlement officer should have reinstated the OIC because Keen's Corner paid the taxes subject to the TFRP (exclusive of accrued interest) on September 7, 2004, prior to the first collection due process hearing held on September 10, 2004. The IRS maintains, however, that Keen's Corner's belatedly tax payment did not undo the penalties for nonpayment assessed against Plaintiff or cancel Plaintiff's breach of the OIC.

*ex parte* communications fall within the procedural exception to the rule prohibiting *ex parte* communications. I further find no reason to suspect that the settlement officer's independence was compromised by his *ex parte* communications.

*D. Conclusion*

Accordingly, it is

ORDERED:

1. Defendant's Motion for Summary Judgment (doc. 19) is GRANTED.

2. Plaintiff's Amended Motion for Summary Judgment (doc. 22) is DENIED.

3. The Clerk is directed to enter judgment for Defendant and close the case.

IT IS SO ORDERED at Tampa, Florida, on October 4, 2006.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE